UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVERES,

    Plaintiff,

vs.

Case No. 07-CV-15201
HON. GEORGE CARAM STEEH

JOE V. SUTTON, et al.,

    Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

Plaintiff Joseph Oliveres filed a complaint and application to proceed without prepayment of fees on December 6, 2007. Consistent with plaintiff's accompanying affidavit, the court is persuaded plaintiff is unable to pay the fees associated with the filing of his complaint. Accordingly, plaintiff's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), this court is authorized to dismiss plaintiff's IFP claims upon determining that the claims are frivolous, or fail to state a claim on which relief may be granted. Plaintiff alleges that defendant Judge Joe V. Sutton of the Kosciousko, Indiana Superior Court entered two "void" judgments against him in November 2007 in favor of defendants New Moves Health Care Systems, Inc., Bowen Center, and debt collection agency Harvey and Associates. Plaintiff alleges that Judge Sutton conspired with Harvey and Associates to deprive plaintiff of his constitutional rights by entering the 2007 default judgment based on an unwitnessed service agreement, thereby

"suppressing" plaintiff's ability to pursue 42 U.S.C. §§ 1981 and 1983 claims against Judge Sutton and Bowen Center for entry of a July 2000 involuntary commitment order. Plaintiff alleges that New Moves Health Care Systems likewise conspired with Judge Sutton for entry of the 2007 default judgment to deprive plaintiff of his ability to pursue a civil rights action against New Moves relative to a 1998 wrongful denial of workers' disability compensation benefits.

Claims are subject to dismissal for failure to state a claim on which relief may be granted if, accepting all of the factual allegations as true, no set of facts consistent with the allegations would entitle the plaintiff to relief. G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990). Dismissal is appropriate here under the Rooker-Feldman doctrine, which "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (quoting Gottfried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998)). Plaintiff's instant claims challenge, and are dependent upon, the legal validity of Judge Sutton's state court judgment and its preclusive effect. Plaintiff's allegation that relief is not precluded under the Rooker-Feldman doctrine is unavailing as the court is not required to accept as true alleged legal conclusions. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Judge Sutton also enjoys absolute immunity to the extent plaintiff seeks monetary damages. See Januck v. Donofrio, No. 97-4404, 1999 WL 313903, at **1 (6th Cir. May 4, 1999) (citing Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).

Still further, plaintiff's allegation that the 2007 default judgment "suppresses" his ability to pursue § 1981 and § 1983 claims against the defendants for a 1998 wrongful denial of workers' compensation disability benefits and his July 2000 involuntary commitment is misguided, and frivolous, as such claims were barred by the applicable two-year statute of limitations period long before entry of the 2007 default judgment. See <u>Munson v. Hancock County Sheriff</u>, 1:05-CV-0911-JDT-TAB, 2006 WL 692923 (S.D. Ind. March 16, 2006) (recognizing that Indiana's two-year statute of limitations period applies to § 1983 claims arising from conduct in Indiana). Accordingly,

Plaintiff's claims are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SO ORDERED.

Dated: January 7, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 7, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk